TAYLOR, Presiding Judge.
The appellant, Eddie Lee Johnson, was convicted of assault in the second degree, a violation of § 13A-6-21, Code of Alabama 1975. He was sentenced to 20 years in the penitentiary pursuant to the Habitual Felony Offender Act.
The state’s evidence tended to show that on September 9, 1993, the-appellant struck Dana James in the arm with a metal pipe, fracturing his forearm, which required surgical reconstruction involving the insertion of a metal plate and screws. Also, the appellant struck James in the head with a brick, partially tearing his ear and necessitating plastic surgery.
On the morning of September 9, 1993, the appellant and James were working on a construction job at the Christ United Methodist Church in Mobile. James and William Ma-nus, a foreman at the construction site, both testified that the appellant and James were constantly bickering. However, James testified that he and the appellant had never before this occasion had a physical fight. That morning, the two were exchanging words. James testified that the appellant said that “he bet that [James’s] children had a big head like [he] had.” James said in response, “at least my children weren’t born with gonorrhea.” James testified that the appellant asked him to repeat what he had said, and James said that he repeated the remark. After the exchange of words, James testified that he started walking toward the truck to get some supplies. As James walked toward the truck, he was facing away from the appellant. James got some supplies out of the truck and turned around to walk back. Both Manus and James testified that the appellant then struck James in the head with a brick. James fell to his knees and the appellant then swung at James with a metal pipe. James put up his arm in an effort to block the blow and the metal pipe struck his forearm with considerable force. The appellant then left the construction site.
The appellant’s only contention on appeal is that the trial court erred in not allowing him to ask witnesses about hostilities and exchanges of abusive language between the appellant and James on occasions before the altercation on September 9, 1993. Additionally, he contends that the trial court erred in failing to instruct the jury on this issue.
The appellant bases this contention on the principle that words may extenuate or justify a simple assault. Such a principle was applied at common law and was at one time codified in Alabama. The appellant contends, however, that he should have been able to ask witnesses about prior abusive language directed towards him by the other party. Neither common law or the former attempted codification (§ 13-1-5, Code of Alabama 1975 (repealed 1977)), would permit *1008 the introduction of evidence of prior abusive language as justification for assault.
We hold that the trial court did not err in refusing to allow evidence of offensive words uttered on previous occasions and in denying the appellant’s jury instruction regarding them.
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.